UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE JENE HARDEMAN BEY,

      Plaintiff/Petitioner,

v.                                   Case No. 18-51065
                                       Honorable Victoria A. Roberts

EASTERN DISTRICT OF MICHIGAN,

      Defendant/Respondent.

_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2] AND SUMMARILY DISMISSING THE CASE

On July 16, 2018, Monique Jene Hardeman Bey ("Petitioner") filed a petition requesting the respondent, the clerk of the Eastern District of Michigan, to correct her Michigan certificate of live birth ("birth certificate"). Specifically, she wants to add her father's name to her birth certificate and amend the "race/origin" section of her birth certificate to "Native/Moorish American." Petitioner also filed an application to proceed *in forma pauperis*.

Petitioner's application to proceed *in forma pauperis* is **GRANTED**. However, the petition is **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction.

When a party proceeds *in forma pauperis*, the Court has an obligation to screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic

pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Specifically, a *pro se* plaintiff still "must plead facts sufficient to show . . . [she] may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Petitioner asks Respondent to amend her Michigan birth certificate. However, Petitioner fails to show that the Court has subject matter jurisdiction, and she does not establish how or why the clerk of the Eastern District of Michigan – a division of a federal, not state, court – could amend a document issued by the State of Michigan. In her filing, the Petitioner "admits to not knowing how to correctly perform this process."

The State of Michigan issued Petitioner's birth certificate. The clerk of the Eastern District of Michigan cannot amend it.

Although the Court cannot give legal advice, it appears the Petitioner may need to contact the Michigan Department of Health and Human Services, or some other Michigan agency or department, to request changes to her Michigan birth certificate.

The petition fails to state a claim on which relief may be granted. The petition also must be dismissed because the Court lacks subject matter jurisdiction. Accordingly, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 31, 2018